PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAFAEL SURÍS FERNÁNDEZ, Defendant and Appellant.

No. 3993. Argued January 15, 1930.—Decided January 31, 1930.

*J. A. Surís,* for appellant.   *R. A. Gómez,* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The complaint in the present case reads as follows:

"I, Anacleto Soto, I. P. No. 636, residing at 57 Salvador Brau street, Cabo Rojo, P. R., file this charge against Rafael Surís Fernández, chauffeur plate No. 34184, who resides in Mayagüez, P. R., for violation of the provisions of subdivisions (*a*) and (*b*) of section 12 of the Motor Vehicle Act of Porto Rico, committed in the following manner:

"That on May 4, 1929, at 10 p. m. in Carbonell street, Cabo Rojo, P. R., the municipal judicial district of Cabo Rojo, which forms a part of the judicial district of Mayagüez, P. R., the said accused, Rafael Surís Fernández, chauffeur plate No. 34184, then and there, at the end of Carbonell street on the way out to Mayagüez, unlawfully, wilfully and maliciously violated the Motor Vehicle Act of Porto Rico, by driving an automobile, license plate No. P–2693, belonging to Fernando Surís of Mayagüez, without due care and without taking reasonable precautions to safeguard life and property along the said Carbonell street in the direction of Mayagüez at a time when the said street was crowded with people leaving a theatre located there, and without using the brakes to slow down when approaching the pedestrians going in the same direction, thereby causing a collision with a Ford automobile, plate No. 1212, driven by Francisco Figueroa, and damaging it and then knocking down Esperanza Toro and bruising him in several places; thereafter continuing on his way at a great speed without stopping to give his name, address, plate number, etc., or reporting the accident at the local police station."

After the case was heard on appeal in the District Court of Mayagüez, the defendant was found guilty and sentenced on June 29, 1929, to pay a fine of $60, or to be committed in jail one day for each dollar thereof left unpaid. Against that judgment the present appeal has been taken.

Two errors are assigned. The first refers to the weighing of the evidence, as follows:

"The District Court of Mayagüez erred in convicting the accused for violation of the provisions of subdivisions (a) and (b) of section 12 of the Motor Vehicle Act on the evidence introduced, which is insufficient to prove the allegations of the complaint."

We have read the transcript of the evidence. It appears therefrom that the evidence was more than sufficient to sustain the judgment. The testimony of the defense witness Alfredo Font would have sufficed for this purpose.

We have repeatedly stated that in cases of conflicting evidence this court will not disturb any finding thereon by the trial court unless it is shown that the decision was influenced by passion, prejudice or bias, or that grave and manifest error has been committed. No such thing has occurred in the case at bar.

The second error is assigned thus:

"The lower court erred in increasing the fine of $25 imposed by the municipal court on Rafael Surís to a fine of $60, thus showing prejudice and passion by increasing the fine without any basis therefor, as shown by the evidence heard by the court."

We hold that the proper district court has power, on appeal, to change or amend penalties imposed by a municipal court. Where a case is tried *de novo* it does not follow necessarily that the proceedings of the court *a quo* must stand. District courts have freedom of action at such trials and they judge and decide the cases accordingly.

The defendant, by driving an automobile fast through a crowded thoroughfare, by not taking the proper precautions, and by failing to apply the brakes in time, injured a pedestrian. These facts constitute a violation of the Motor Vehicle Act, and no passion or prejudice need be felt to impose the penalty complained of herein and which is a just one.

The judgment appealed from must be affirmed.